# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE GARCIA, | Case No. 1:16-cv-1138 DAD-BAM |
| Plaintiff, | ORDER VACATING THE INITIAL SCHEDULING CONFERENCE |
| v. | ORDER DIRECTING PLAINTIFF TO FILE A MOTION TO WITHDRAW OR ATTORNEY SUBSTITUTION WITHIN FORTY-FIVE DAYS |
| CARGILL MEAT SOLUTIONS CORPORATION | |
| Defendant. | |

On January 23, 2017, Plaintiff's counsel Richard Moser, through his wife Roxanna Moser, filed a "Notice of Incapacity of Attorney." (Doc. 14). Mrs. Moser's declaration states that Plaintiff's counsel, having been diagnosed with congestive heart failure on January 19, 2017, is "completely physically unable to practice law." Declaration of Roxanna Moser ("Moser Decl."), at 1, (Doc. 14). Given Mr. Moser's inability to continue representation, the notice further directs Plaintiff to retain new counsel and make the necessary arrangements to procure his client file. Mrs. Moser, who is not licensed to practice law and does not represent Plaintiff Jesse Garcia, also outlines an ongoing discovery dispute with Defendant Cargill Meat Solutions Corporation. Moser Decl. at 2.

On January 23, 2017, Defendant filed a response to the discovery dispute allegations but

1

did not address counsel's incapacitated state.[1]

Based on the representations of Mrs. Moser, the Initial Scheduling Conference set for January 31, 2017 is VACATED. In the interim, Plaintiff is directed to file a motion to withdraw as counsel of record or a substitution of attorney on or before March 10, 2017. If no motion is filed, the Court intends to set a STATUS CONFERENCE for March 15, 2017 in Courtroom 8 **before United States Magistrate Judge Barbara A. McAuliffe**.

IT IS SO ORDERED.

Dated:  **January 24, 2017**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] Given the posture of this case and Plaintiff's failure to comply with Local Rule 251 for motions regarding discovery disagreements, the Court declines to address this discovery dispute, not properly before the Court, at this time. L.R. 251.